IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Serafin Munoz, ) | |
| ) | C/A No. 0:07-1656-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sumter County c/o William Noonan; ) | |
| Lee County c/o Jimmy Lacoste; Simon ) | **O R D E R** |
| Major, Director SLRDC; Dr. Bush, Medical ) | |
| Director; Southern Health Partners, ) | |
| c/o Phil Mack, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Serafin Munoz was a pretrial detainee at the Sumter Lee Regional Detention Center in Sumter, South Carolina. Plaintiff, proceeding pro se, filed a complaint on June 14, 2007. The complaint also was signed by numerous other detainees, and alleged that their constitutional rights had been violated in various respects. Plaintiff filed an amended complaint on his own behalf on July 10, 2007.

This matter is before the court on motion for summary judgment filed by Defendants Bush and Southern Health Partners on October 17, 2007. On October 18, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. Also before the court is a motion for summary judgment filed by Defendant Lee County on November 21, 2007. A second Roseboro order was issued on November 26, 2007. Also before the court is a motion for summary judgment filed by Sumter County and Simon Major on January 7, 2008. A third Roseboro

order was issued on January 8, 2008. Plaintiff filed no response to any motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. By order filed February 19, 2008, the Magistrate Judge directed Plaintiff to advise the court as to whether he wished to continue to pursue his case. Plaintiff was advised that, if he failed to respond, his case would be subject to dismissal pursuant to Fed. R. Civ. P. 41(b). Plaintiff filed no response to the February 19, 2008 order. Accordingly, on March 6, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed pursuant to Rule 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b) for failure to

prosecute.

    **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour
                                            United States District Judge

Columbia, South Carolina

April 9, 2008

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3